IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| v.                           : | CRIMINAL NO. 14-632-01 |
| GEORGE TRIMIS                : | |

GOVERNMENT'S MOTION FOR
FORFEITURE MONEY JUDGEMENT

The United States of America, by and through its attorneys, Louis D. Lappen, Acting United States Attorney for the Eastern District of Pennsylvania, and Judy Goldstein Smith, Assistant United States Attorney, respectfully requests entry of a forfeiture money judgment, and, in support of this motion, the United States represents as follows:

1. On December 4, 2014, defendant George Trimis was charged in an Indictment with violating Title 18, United States Code, Section 1344, bank fraud (Count One); Title 18, United States Code, Section 1014, making false statements on loan applications (Counts Two through Four); and Title 18, United States Code, Section 1956(h), conspiracy to launder money (Count Five). The first Notice of Forfeiture in the Indictment alleged that the defendant's interest in certain property was forfeitable pursuant to Title 18, United States Code, Section 982(a)(2). The second Notice of Forfeiture in the Indictment alleged that the defendant's interest in certain property was forfeitable pursuant to Title 18, United States Code, Section 982(a)(1).

2. On February 18, 2016, defendant Trimis pled guilty to Counts One through Five of the Indictment.

3. As a result of his guilty plea, the defendant is required, pursuant to Title 18, United States Code, Sections 982(a)(1) and 982(a)(2), to criminally forfeit his interest in any

1

property, real or personal, which constitutes or is derived from proceeds traceable to a violation of the offenses charged in Counts One and Five of the Indictment.

4. Based upon the facts set forth at the defendant's change of plea hearing, the government avers that the sum of $7,423,667.00 in United States Currency is subject to forfeiture as a result of the defendant pleading guilty to Counts One and Five of the Indictment, and that the government has established the requisite nexus between such property and these offenses. This amount constitutes the amount of proceeds involved in the offenses for which the defendant has pled guilty.

5. As the result of the acts and omissions of the defendant, these funds cannot be located upon the exercise of due diligence, having been transferred, or deposited with third parties, or placed beyond the jurisdiction of the court, or otherwise substantially diminished in value. As a result, the government seeks a money judgment in the amount of $7,423,667.00. See United States v. Vampire Nation, 451 F.3d 189, 202-202 (3d Cir. 2006) (an in personam forfeiture money judgment may be entered against the defendant for the full amount of the criminal proceeds); United States v. Voigt, 89 F.3d 1050, 1084, 1088 (3d Cir. 1996) (government entitled to personal money judgment against defendant equal to amount of funds forfeitable); Title 21, United States Code, Section 853(p). Any property of the defendant located and forfeited to the government, shall, after any third-party claims to the property have been resolved and costs, reduce the money judgment.

6. The government requests authority to conduct discovery in accordance with Fed. R. Crim. P. 32.2(b)(3). Because the government seeks only a money judgment and does not seek the forfeiture of any specific asset at this time, advertisement of the judgment and

third-party proceedings are not required. Fed. R. Crim. P. 32.2(c)(1) (no ancillary proceedings to address third party claims required where forfeiture consists of money judgment).

For the reasons stated above, the government requests that this Court enter the attached Order.

Respectfully submitted,

LOUIS D. LAPPEN
Acting United States Attorney


*/s/ Judy Goldstein Smith*
JUDY GOLDSTEIN SMITH
Assistant United States Attorney

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| v. | : | CRIMINAL NO. 14-632-01 |
| **GEORGE TRIMIS** | : | |

<u>**FORFEITURE MONEY JUDGMENT**</u>

IT IS HEREBY ORDERED THAT:

1. As a result of the defendant pleading guilty to Counts One and Five of the Indictment, the defendant is required, pursuant to Title 18, United States Code, Sections 982(a)(1) and 982(a)(2), to criminally forfeit his interest in any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of the offenses charged in Counts One and Five.

2. The Court has determined, based upon the facts set forth at the defendant's change of plea hearing, that the following property is subject to forfeiture as a result of the defendant pleading guilty to Counts One and Five of the Indictment, and that the government has established the requisite nexus between such property and such offenses:

- **The sum of $7,423,667.00 in United States Currency (Forfeiture Money Judgment).**

3. A money judgment in the amount of $7,423,667.00 in United States currency is hereby entered against the defendant, for which the defendant is jointly and severally liable with his co-conspirator, Angelica Philippopoulos, in this case.

4. Any property recovered from the defendant and forfeited by the government shall reduce the defendant's outstanding liability on the personal forfeiture money judgment.

5. Upon entry of this Order, the United States is authorized to conduct any discovery necessary to identify and locate property subject to forfeiture, in accordance with Federal Rule of Criminal Procedure 32.2(b)(3).

6. Because the government seeks only a money judgment and does not seek forfeiture of any specific asset at this time, advertisement of the judgment and third-party proceedings are not required.  Federal Rule of Criminal Procedure 32.2 (c)(1) (no ancillary proceedings to address third-party claims required where forfeiture consists of money judgment).

7. Pursuant to Federal Rule of Criminal Procedure 32.2(b)(4), this Forfeiture Money Judgment shall become final as to the defendant at the time of sentencing and shall be made part of the defendant's sentence and included in the judgment and commitment order.

8. The Court shall retain jurisdiction to enforce this Forfeiture Money Judgment, and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e).

9. The Clerk of the United States District Court for the Eastern District of Pennsylvania shall deliver a copy of this Forfeiture Money Judgment to the Federal Bureau of Investigation ("FBI"), to the United States Marshals Service ("USMS"), and to counsel for the parties.

ORDERED this ___ day of _____, 2017.

_____
HON. GENE E.K. PRATTER
*Judge, United States District Court*

CERTIFICATE OF SERVICE

I certify that a copy of the Government's Motion for Forfeiture Money Judgment and the attached proposed Forfeiture Money Judgment have been filed electronically and are available for viewing and downloading from the ECF system, and a true and correct copy of the motion and proposed judgment were served upon counsel for the defendant by electronic filing, as follows:

ANTHONY POPE
The Anthony Pope Law Firm PC
60 Park Place, Suite 703
Newark, NJ 07102
Phone: 973-344-4406
Email: apope@apopefirm.com

DANIELLA GORDON
Gordon Law Firm
301 North Church Street, Suite 226
Moorestown, NJ 08057
Phone: 856-316-4654
Email: dgordon@daniellagordonlaw.com

Date: February 8, 2017

*/s/ Judy Goldstein Smith*
JUDY GOLDSTEIN SMITH
Assistant United States Attorney