# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| v. | : | Criminal No. 14-632-1 |
| **GEORGE TRIMIS** | : | |

### GOVERNMENT'S REPLY TO DEFENDANT'S OPPOSITION TO MOTION TO PAY MONETARY PENALTIES WITH BAIL DEPOSIT

The United States of America, by its attorneys, William M. McSwain, United States Attorney for the Eastern District of Pennsylvania, and Joseph F. Minni, Assistant United States Attorney, submits this reply memorandum to the defendant's opposition to the government's Motion to Pay Monetary Penalties (ECF No. 125) in the above-captioned case. In support of this motion, the government avers as follows:

**I.   DISCUSSION**

The defendant, George Trimis, currently owes more than $7.4 million in restitution imposed by this Court. Trimis, a federal inmate, currently is incarcerated at the federal Metropolitan Detention Center in Brooklyn, New York. He is scheduled to be released from Bureau of Prison custody on or about December 8, 2018.

Pursuant to 28 U.S.C. Section 2044, the government seeks to apply approximately $60,000 in cash bail posted by Trimis currently held on deposit with the Clerk of Court as payment for restitution. Trimis initially posted with the Clerk of Court a total of $100,000 in cash bail. However, by Order dated February 22, 2016, this Court granted, in part,

Trimis' motion entered an Order authorizing the Clerk of Court to release $40,000 from the deposited funds as payment for Trimis' attorney's fees. ECF No. 58. The government now seeks to apply the remaining cash bail as payment for Trimis' restitution obligation.[1]

Trimis objects to the government's motion and contends that he requires these funds to pay for his living expenses when he is released from custody. Response, ¶¶ 4, 5. Trimis, however, provides no other explanation for his need for the remaining $60,000 bail deposit. For example, in his response, Trimis did not provide any information evidencing his anticipated expenses, financial resources, and income, whether received from earnings or other sources. Rather, when Trimis is released from custody, the criminal judgment directs that he pay $1,000 per month in restitution. Criminal Judgment, p. 6. If necessary, the U.S. Probation Office and United States Attorney's Office at that time can verify Trimis' financial resources and ability to pay this payment requirement. This Court then can modify the restitution payment schedule based on his current ability to pay. *See* 18 U.S.C. § 3664(k) (court authorized to modify restitution payment schedule based on material change in defendant's financial circumstances).

Trimis' objections also must fail because the bail deposit is subject to the government's lien for restitution. 18 U.S.C. Section 3613(c) provides that a sentence of restitution constitutes a lien in favor of the United States against all of the defendant's property and interests in property. 18 U.S.C. Section 3613(a) also directs the government

---

[1] On February 14, 2017, this Court also entered a Forfeiture Money Judgment against Trimis and in favor of the United States in the amount of $7,423,667. ECF No. 100.

to enforce restitution against the defendant's property and rights to property, except where specifically exempted by statute. *See also* 18 U.S.C. § 3613(f) (authorizing the government to enforce restitution in the same manner as a criminal fine). Because the property at issue, the cash bail deposit, does not fall within any of the listed property exemptions, such property is subject to the government's lien and is available for the payment of restitution.[2] Furthermore, the government may properly use Section 2044 here as federal law authorizes it to collect restitution "by all other available and reasonable means." 18 U.S.C. § 3664(m)(1)(A).

28 U.S.C. Section 2044 enables the government to collect certain outstanding debts owed by a defendant. *United States v. Equere*, 916 F. Supp. 450, 452 (E.D. Pa. 1996). The statute "codifies the discretion courts have long exercised, to pay, on a proper motion, bond or bail money to the parties with a legally established superior claim to it." *Id.*, citing *United States v. Higgins*, 987 F.2d 543, 546-48, n.3 (8th Cir. 1993) ("courts have long had the discretion to order the disbursal of bond funds, after the defendant has appeared and the purpose of bail has been served, to those with superior claims on the funds."). Section 2044 codifies when and under what circumstances those bonds monies

---

[2] 18 U.S.C. § 3613(a)(1) sets forth the applicable IRS property exemptions for criminal cases. For criminal debts such as restitution, federal law provides that the only categories of exempt property are: (1) wearing apparel and school books; (2) fuel, provisions, furniture, and personal effects; (3) books and tools of a trade, business, or profession; (4) unemployment benefits; (5) undelivered mail; (6) annuity or pension payments under certain, specified federal statutes; (7) workmen's compensation; (8) judgments for support of minor children; (9) certain service-connected disability payments; and (10) assistance under the Job Training Partnership Act. 28 U.S.C. § 3613(a) (1). Accordingly, Trimis cannot properly claim that the cash bail would be exempt from the government's collection actions.

- 3 -

should be paid. The statute is clear – on motion of the United States Attorney, monies are to be paid toward a defendant's outstanding, fine, restitution or assessment obligations. Here, the deposit of the cash bail by Trimis made such funds subject to the terms of Section 2044. Trimis, therefore, simply cannot evade Section 2044 here based on his unsupported claim that he requires the remaining $60,000 bail deposit to pay for his living expenses after he is released from custody.

It also is important to note that this Court's specifically ordered that "restitution is due immediately." Criminal Judgment, p. 6. To date, Trimis has paid only approximately $4,000 in restitution. This Court also allowed Trimis to use $40,000 of the bail deposit as payment for his attorney's fees. Requiring Trimis to pay restitution with the remaining bail deposit is consistent with the purpose of the MVRA "to the extent possible, to make victims whole, to fully compensate victims for their losses, and to restore victims to their original state of well-being." *United States v. Herrington*, 2017 WL 6546919, *4 (3d Cir. Dec. 22, 2017), cert. denied, 138 S. Ct. 1034 (2018), quoting *United States v. Simmonds*, 235 F.3d 826, 831(3d Cir. 2000); *United States v. Diaz*, 245 F.3d 294, 312 (3d Cir.2001) (same). This Court, therefore, should reject Trimis' objections and grant the government's motion to apply the remaining cash bail as payment for restitution.[3]

---

[3] Trimis notes that Local Criminal Rule 32.2, cited by the government, which provides a lien in favor of the government on cash bail, only refers to fines and costs, and does not reference restitution. As noted above, under 18 U.S.C. Section 3613(f), the government enforces restitution under the same procedures applicable to the enforcement of a criminal fine. In any event, express statutory authority exists under Section 2044 to permit the payment of restitution with cash bail.

- 5 -

## II. CONCLUSION

For the reasons explained above, the government requests that this Court deny Trimis' objections and grant the government's motion.

Respectfully submitted,

WILLIAM M. McSWAIN
United States Attorney

 */s/ Joseph F. Minni*

JOSEPH F. MINNI
Assistant United States Attorney
Deputy Chief, Asset Recovery and
Victim Witness Unit

Date:  April 16, 2018.

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that a true and correct copy of the MOTION OF UNITED STATES OF AMERICA TO PAY CRIMINAL MONETARY PENALTIES WITH BAIL DEPOSIT was filed electronically through the District Court Electronic Case System and is available for viewing and downloading from the ECF system, and served electronically as follows:

>Eric W. Feinberg, Esquire
>THE ANTHONY POPE LAW FIRM PC
>60 Park Place
>Suite 703
>Newark, NJ 07102

>*/s/ Joseph F. Minni*
>JOSEPH F. MINNI
>Assistant United States Attorney

Date: April 16, 2018.